## GEORGE G. SHEPARDSON

*v.*

## THOMAS STEVENS.

1. NOTICE *of incumbrance or lien upon land.* Where there are facts within the knowledge of a party purchasing land, sufficient to put him upon inquiry as to any liens, he is chargeable with knowledge of such other facts as he might have ascertained by the exercise of reasonable diligence.

2. SAME—*what sufficient to put a party upon inquiry.* In this case, the owner sold land, and took a deed of trust to secure a part of the purchase money, which was not recorded until February 17, 1871. On the 13th of February, 1871, the purchaser conveyed the land to another, by a deed, recorded on the 14th of the same month. Prior to, and at the time of, the first sale, the land was in the hands of the second purchaser, to sell for the then owner, and get as large a cash payment as he could, and secure the balance by mortgage on the premises. The agent did not, in fact, negotiate the sale made by his principal, but he received a commission on the sale, and took the purchaser's note for the same. When the second purchaser received his deed, he knew that his grantor was in debt for the land, and that his object in trading was to get land clear of debt: *Held*, that these facts were sufficient to impose upon the second purchaser the necessity of inquiring of the original owner whether he had any lien upon the land for any portion of the purchase money, and to charge him with notice of the trust deed.

APPEAL from the Circuit Court of Ford county; the Hon. O. L. DAVIS, Judge, presiding.

Messrs. WOOD & LOOMIS, for the appellant.

Mr. J. S. WOLFE, for the appellee.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was a bill, filed in the circuit court of Ford county, by appellee, against appellant, John Conley and others, to foreclose a trust deed on certain lands in Ford county.

It appears, from the evidence preserved in the record, that appellee originally owned the land in controversy; that, on the 24th of October, 1870, he conveyed it to John Conley,

and received of him, in part payment of the purchase price of the land, his two promissory notes, dated June 21, 1870, for $1000 each, payable, one on the 1st day of December, 1871, the other on the 1st day of December, 1872; that, on the 9th day of February, 1871, Conley and wife executed the trust deed in controversy to secure the payment of the notes. This trust deed was not filed for record until the 17th day of February, 1871.

On the 13th of February, 1871, Conley sold and conveyed this land to appellant, and the deed was filed for record on the 14th of February.

The only question arising upon the record for decision is, had appellant, at the time he purchased of Conley, notice of the trust deed, or was he cognizant of such facts as made it incumbent upon him to make inquiry, which would have disclosed the existence of the deed of trust?

This land was in appellant's hands, for sale for appellee, previous to and at the time it was sold to Conley. He was instructed by appellee to sell, and get as large a cash payment as he could, and secure the balance by a mortgage upon the premises. He did not negotiate the sale to Conley, but, upon the sale being made by appellee, appellant received a commission on the sale of five per cent, and took Conley's note for the same. It is true, appellant testifies that he did not know the terms of the sale from appellee to Conley, but both parties informed him, as he says, of the sale, and he knew that the land was for sale on a credit, the purchaser to secure the purchase price by mortgage on the land. He also knew that Conley was heavily indebted for the land. He says, in his evidence, Conley's object in trading with him was to get 160 acres of land clear of debt. Appellant being in possession of all these facts, it is not imposing an unreasonable duty upon him to require that he should, before purchasing of Conley, go to appellee and inquire of him if he had a lien upon the premises for any portion of the purchase money. Appellee resided in the same county with appellant, and

inquiry could easily have been made and information obtained by which appellant could have protected his interests, before making the purchase of Conley.

Appellant neglected to avail himself of facts within his reach, which any prudent, cautious man would have obtained, and he must bear the consequence of his own neglect.

The facts within appellant's knowledge were sufficient to put him upon inquiry. Such being the case, he is chargeable with knowledge of such other facts as he might have ascertained by the exercise of reasonable diligence. *Cox* v. *Milner*, 23 Ill. 476; *Ogden* v. *Haven*, 24 ib. 59; *Babcock* v. *Lisk*, 57 ib. 329.

From the facts in this case, we are clearly of opinion, on the question of notice, it comes within the principles announced in the cases cited *supra*, and that, when appellant purchased of Conley, he was in possession of facts from which he was chargeable with notice of the existence of the deed of trust.

Perceiving no error in the record, the decree of the circuit court is affirmed.

*Decree affirmed.*